IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                  No. CR 09-3591 JB

ISRAEL MEZA,

    Defendant.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Second Motion In Limine to Prohibit Witnesses From Testifying About a Comment Allegedly Made by Defendant that Is More Prejudicial than Probative, filed February 12, 2010 (Doc. 29). The Court held a hearing on May 4, 2010. The primary issue is whether the Court should prohibit Plaintiff United States of America's witnesses from testifying in the course of the trial about a comment -- "If you say anything, I'll kill you" -- because it is more prejudicial than probative. Because the Court does not believe that the comment is unfairly prejudicial, and because the comment has probative value, the Court will deny the motion to exclude. The Court will, however, allow Defendant Israel Meza to submit one or more limiting instructions to reduce any unnecessary prejudice.

### PROCEDURAL BACKGROUND

Meza is charged in a two-count indictment with conspiracy to distribute and distribution of more than 50 grams of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(B), and 18 U.S.C. § 2. See Indictment at 1-2; Motion at 1; Government's Response to Defendant's Motion in Limine to Prohibit Witness Testimony Regarding Threats Made By Defendant to Potential Witness at 1, filed March 18, 2010 (Doc. 34). According to a police report disclosed

during discovery in this case, Meza allegedly said to another person when Meza was arrested: "If you say anything, I'll kill you." Meza moves the Court in limine for an order excluding from trial any testimony or other evidence that Meza made this statement. While Meza admits that most statements by a defendant are admissible non-hearsay under rule 801(d)(2) of the Federal Rules of Evidence, defining admissions of a party-opponent, he argues that the Court should not admit the statement because it is irrelevant and, in the alternative, the risk of unfair prejudice that would accompany its presentation to a jury would substantially outweigh its probative value. See Motion at 2-3. The United States responds that its intent is not to simply inflame the jury with Meza's alleged death-threat, but rather to demonstrate Meza's consciousness of his guilt. See Response at 1.

At the hearing, Mario Esparza, Meza's attorney, brought up the additional argument that, because the statement was made in Spanish, he did not know whether the witness "is qualified or understands or is fluent in Spanish." Transcript of Hearing at 4:25-5:5:9 (taken May 4, 2010) ("Tr.")(Court, Esparza).[1] Alternatively, Mr. Esparza asked the Court to give a limiting instruction that Meza is "not on trial for any other conduct [than] what's contained in the . . . Indictment." Tr. at 5:20-24 (Esparza). In response to this new argument, Assistant United States Attorney Jon Stanford stated that his witness is an officer with the Farmington Police Department and was able to convey what Meza said to the other individuals arrested on the day in question. See Tr. at 6:2-23 (Stanford). Mr. Stanford also conceded that the United States would be amenable to a limiting instruction informing the jury to what use it can put Meza's alleged statement, but suggested one which tells the jury "that the statement should be . . . interpreted as some sort of statement that [Meza] was conscious that he did something, that we can't, of course, be one hundred percent

---

[1] The Court's citation to the transcript refers to the court reporter's original, unedited version. The final transcript may contain slightly different page and/or line numbers.

certain what that something was, but the jury is free to draw their own conclusions . . . based on what they heard." Tr. at 6:24-7:7 (Stanford). Mr. Esparza stated that he would welcome an opportunity to try to craft an instruction that is agreeable to both parties. See Tr. at 7:11-25 (Esparza).

## RULE 403 OF THE FEDERAL RULES OF EVIDENCE

Rule 403 of the Federal Rules of Evidence provides: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Under rule 403, the trial court must weigh the proffered evidence's probative value against its potential for unfair prejudice. See United States v. Record, 873 F.2d 1363, 1375 (10th Cir. 1989). "[I]t is only *unfair* prejudice, *substantially* outweighing probative value, which permits exclusion of relevant matter [under rule 403]." United States v. Pettigrew, 468 F.3d 626, 638 (10th Cir. 2006)(quoting United States v. Sides, 944 F.2d 1554, 1563 (10th Cir. 1991))(emphasis in original). Earlier this month, the United States Court of Appeals for the Tenth Circuit indicated that district courts should "remain mindful" that "exclusion of evidence under Rule 403 that is otherwise admissible under the other rules is an extraordinary remedy and should be used sparingly." See United States v. Smalls, No. 09-2126, 2010 WL 1745123, at **16-17 (10th Cir. May 3, 2010)(quoting United States v. Tan, 254 F.3d 1204, 1211 (10th Cir. 2001)).

The decision to admit or exclude evidence pursuant to rule 403 is within the trial court's sound discretion. See United States v. Lugo, 170 F.3d 996, 1005 (10th Cir. 1999). The trial court is vested with wide discretion to balance possible unfair prejudice against probative value. See United States v. Bice-Bey, 701 F.2d 1086, 1089 (4th Cir. 1983); United States v. Masters, 622 F.2d

83, 87-88 (4th Cir. 1980). As the Supreme Court of the United States recently noted:

> In deference to a district court's familiarity with the details of the case and its greater experience in evidentiary matters, courts of appeals afford broad discretion to a district court's evidentiary rulings. . . . This is particularly true with respect to Rule 403 since it requires an "on-the-spot balancing of probative value and prejudice, potentially to exclude as unduly prejudicial some evidence that already has been found to be factually relevant."

Sprint/United Mgmt. Co. v. Mendelsohn, 552 U.S. 379, 384 (2008)(quoting 1 S. Childress & M. Davis, Federal Standards of Review § 4.02, at 4-16 (3d ed. 1999)). See United States v. Abel, 469 U.S. 45, 54 (1984)("Assessing the probative value of [proffered evidence], and weighing any factors counseling against admissibility is a matter first for the district court's sound judgment under Rules 401 and 403 . . . .").

Evidence is unfairly prejudicial if it makes a conviction more likely because it provokes an emotional response from the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged. See United States v. Rodriguez, 192 F.2d 946, 951 (10th Cir. 1999). Evidence is not unfairly prejudicial simply because it damages a case. See United States v. Caraway, 543 F.3d 1290, 1301 (10th Cir. 2008); United States v. Curtis, 344 F.3d 1057, 1067 (10th Cir. 2003); United States v. Martinez, 938 F.2d 1078, 1082 (10th Cir. 1991). Rather, "[t]o be *unfairly* prejudicial, the evidence must have 'an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'" United States v. Caraway, 453 F.3d at 1301 (quoting Fed. R. Evid. 403 advisory committee's note)(emphasis in original).

## ANALYSIS

Meza asks the Court to exclude, in limine, any evidence that Meza said to another individual: "If you say anything, I'll kill you." Motion at 1-2. First, Meza argues the statements are not

relevant because they could just as easily have been made in reference to some other crime or conduct outside of that which is the subject of the charges against Meza. See Motion at 2-3 (pointing out that the officers had not yet told Meza why he was being arrested when Meza made the statement). Meza then argues that such evidence would be substantially more prejudicial than probative, causing prospective jurors to be more likely to convict Meza simply because they believe he is a generally violent person. See id. at 3. The United States fleshes out the context in which Meza made this statement in its argument to the Court. According to the United States:

> [T]he Defendant made a threat while he was being arrested. The threat was directed at one or more of the people in the motel room, who would ostensibly [be] called to testify against him. . . . Defendant very clearly knew why he was being arrested, and made the threat in order to intimidate the witnesses in the room from testifying against him. As such, the threat may properly be used to show Defendant's consciousness of his guilt.

Response at 3.

First, the Court finds that the evidence at issue is probative of Meza's guilt. A piece of evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. While being arrested, Meza threatened the life of one or more of those around him if they "sa[id] anything." If Meza knew why he was being arrested, this statement makes it more probable that Meza knew he was guilty and knew that one of the other individuals being arrested could testify to facts that would establish Meza's guilt.

Meza appears to argue that the evidence lacks evidentiary value unless and until the United States can prove that Meza knew for what crime he was being arrested. The Court believes that a reasonable juror could infer that Meza knew for which crime he was being arrested. The Court acknowledges that the jury might be drawing its inference from Meza's clear desire to avoid being

implicated in some crime and that the only crime about which the jury is aware is the one for which he is being tried. The Court, however, is also unaware of any other crime for which Meza is guilty or about which he would desire to keep witnesses silent. The Court has no basis for believing that Meza could be trying to silence the United States' witnesses with respect to any other criminal conduct. The Court thus must conclude that it is at least a reasonable inference that Meza was trying to keep the witnesses from testifying to his involvement in the crimes for which he was charged. The Court thus concludes that the evidence is relevant.

Meza next argues that, notwithstanding its relevance, the evidence should be excluded because its probative value is substantially outweighed by the danger of unfair prejudice. He implicitly argues that the jury might find Meza guilty of this drug crime because they believe he is a violent person. The Court is not convinced that this potential for unfair prejudice substantially outweighs the evidence's probative value.

Again, under rule 403, the trial court must weigh the proffered evidence's probative value against its potential for unfair prejudice, see United States v. Record, 873 F.2d at 1375, but "only *unfair* prejudice, *substantially* outweighing probative value, . . . permits exclusion of relevant matter [under rule 403]." United States v. Pettigrew, 468 F.3d at 638 (quoting United States v. Sides, 944 F.2d at 1563)(emphasis in original). Prejudice is "unfair" only when it has "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." United States v. Caraway, 453 F.3d at 1301 (quoting Fed. R. Evid. 403 advisory committee's note). Evidence is not unfairly prejudicial solely because it damages one party's case. See United States v. Caraway, 543 F.3d at 1301; United States v. Curtis, 344 F.3d at 1067; United States v. Martinez, 938 F.2d at 1082. While there is some potential that a jury will find Meza guilty for drug-trafficking offenses because they have a general fear of him as a violent individual, the risk is relatively small,

and the evidence's probative value is great. Jurors are generally good at following instructions, and Meza's threat against the life of another individual who might be involved in the same drug conspiracy is not so egregious that it would inflame the jury to make its merits verdict without regard to the other evidence. Furthermore, the parties have agreed that Meza may submit a proposed jury instruction, which the Court believes is likely to safeguard against any unfair prejudice that might otherwise result.[2] The Court ultimately concludes that the danger of unfair prejudice does not substantially outweigh the probative value of testimony regarding Meza's alleged death threat. The Court will therefore deny Meza the "extraordinary remedy" of exclusion under rule 403. See United States v. Smalls, 2010 WL 1745123, at **16-17 (quoting United States v. Tan, 254 F.3d at 1211).

Regarding Mr. Esparza's concerns about the witness' Spanish proficiency and the possibility that the witness did not understand the content or intent of Meza's statements, the Court finds this issue goes to the weight, rather than admissibility, of the evidence. Mr. Esparza is free to cross-examine the United States' witness on his or her fluency in Spanish, and to probe more deeply whether the witness understood everything that Meza said on the day he was arrested and to whom Meza appeared to aim such statements. Such questioning could uncover that the witness knows very little Spanish and that the witness could have mistaken innocuous comments for death threats. On

---

[2] The Court notes that there was a conflict between the instruction Meza appeared to request and the one to which the United States conceded. Meza desired an instruction stating that he was not to be convicted for any conduct other than that contained in the indictment. See Tr. at 5:20-24 (Esparza). The United States appeared to concede to an instruction that informed the jury that it was possible that Meza's threat was to cover up something other than the conduct charged in the indictment, but that the jury may find that it related to the underlying charges. See Tr. at 6:24-7:7 (Stanford). Meza should draft his limiting instruction or instructions regarding the statement, then provide them to the United States before trial to see if Mr. Stanford agrees before submitting them to the Court for consideration. The Court thinks it is likely the parties will be able to work out the precise language before trial. If not, Meza may submit the instruction or instructions to the Court, noting in detail where the United States objects.

the other hand, such cross-examination could confirm for the jury that the witness is fluent in Spanish and allow the witness to repeat Meza's damning words multiple times for the jury, in English and Spanish, and possibly enhance the prejudice about which Meza is concerned. The Court will not, however, exclude the witness' testimony based on concerns about his or her Spanish proficiency, nor require the United States to meet some enhanced evidentiary burden on the assumption that a Farmington Police Department officer would not be proficient in Spanish.

**IT IS ORDERED** that the Defendant's Second Motion In Limine to Prohibit Witnesses From Testifying About a Comment Allegedly Made by Defendant that is More Prejudicial than Probative is denied in part. The Court will allow Defendant Israel Meza to submit one or more limiting instructions.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Kenneth J. Gonzales
  United States Attorney
John C. Anderson
Jon K. Stanford
  Assistant United States Attorneys
Albuquerque, New Mexico

*Attorneys for the Plaintiff*

Mario A. Esparza
Mario A. Esparza Law Office
Las Cruces, New Mexico

*Attorney for the Defendant*